IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CARRIE L. HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:20-CV-02085 |
| | ) | |
| SUNTRUST BANK n/k/a TRUIST BANK, | ) | |
| **Serve Registered Agent:** | ) | |
| Corporation Service Company | ) | |
| 2900 S.W. Wanamaker Drive, Suite 204 | ) | |
| Topeka, Kansas 66614 | ) | |
| | ) | |
| Defendant | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Carrie L. Harper, by and through counsel, and for her causes of action against Defendant SunTrust Bank, n/k/a Truist Bank, states and alleges as follows:

## <u>PARTIES</u>

1.     Plaintiff Carrie L. Harper is an individual residing at 1230 North 131st Terrace, Kansas City, Kansas 66109, and she was an employee of Defendant for approximately 12 years until her wrongful termination effective on or about May 2, 2019.  Plaintiff is a 44-year old female.

2.     Defendant SunTrust Bank, now known as Truist Bank, is a foreign for-profit corporation organized and existing under the laws of the State of Georgia, and doing business in the State of Kansas where it provides financial services including through its Cohen Financial Services division where Plaintiff worked at 4601 College Boulevard, Suite 300, Leawood, Kansas.  As of on or about December 6, 2019, SunTrust Bank and Branch Banking and Trust Company merged and the combined bank is now known as Truist Bank.  Truist Bank is a foreign

for-profit corporation organized and existing under the laws of the State of North Carolina and doing business in the State of Kansas as SunTrust Bank and Cohen Financial Services as set forth herein.

3.      All of the acts, conduct, and omissions of Defendant were performed by its agents, representatives, and employees while in the course and scope of their agency or employment.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the acts complained of involve violations of Plaintiff's rights under federal statutes, specifically the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA").

5.      This Court has supplemental federal jurisdiction pursuant to 28 U.S.C. § 1367 to resolve Plaintiff's claims arising under Kansas law and public policy as the facts are so related to Plaintiff's federal law claims as to be part of the same case or controversy.

6.      Venue is proper within this District pursuant to 28 U.S.C. § 1391 because Defendant resides in the District, and the acts, transactions and events complained of herein and giving rise to Plaintiff's claims occurred in the District.

## FACTUAL ALLEGATIONS

7.      Plaintiff was employed by Defendant for approximately twelve (12) years including in her final position as Senior Vice President, Senior Manager, Investor Services, until her wrongful termination on or about May, 2 2019.

8. At all times herein mentioned, Plaintiff was an "employee" of Defendant, within the meaning of the Title VII, ADEA, ADAAA, and Kansas common law, and is entitled to all the benefits and protections of those laws.

9. Defendant was an "employer" of Plaintiff within the meaning of Title VII, the ADEA, the ADAAA, and Kansas common law.

10. Throughout her employment with Defendant, Plaintiff was subject to the control of Defendant as to the means and manner of accomplishing her work as an employee.

11. Defendant is engaged in an industry affecting commerce and it has employed 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

12. Throughout her 12 years of employment with Defendant, Plaintiff performed all duties of her job as required, exceeded the expectations of her position, and received praise, raises, commendations, certifications, awards and excellent reviews for her work.

13. Plaintiff was a successful and valued employee of Defendant for over a decade.

14. Plaintiff is a 44-year old female and she suffered or suffers from diagnosed medical conditions including anxiety and stress disorder and related conditions or impairments that qualify for protection as disabilities under the ADAAA, either as actual disabilities, a record of disability, or because Plaintiff was regarded as disabled.

15. Despite her medical conditions, Plaintiff was able to perform the essential functions of her position with Defendant, either with or without reasonable accommodations.

16. Prior to and including her wrongful termination, Plaintiff experienced a pattern and practice of disparate treatment in the terms and conditions of her employment in the form of a discriminatory, hostile work environment, a false performance review, denial of a pay increase,

a forced exit from the premises, and her forced, involuntary termination due to her sex, age, disability and/or retaliation by Defendant and its officers and managers, including but not limited to Plaintiff's direct supervisor.

17.     Plaintiff was also subjected to retaliation for her complaints to Defendant's Human Resources department about illegal discrimination, and retaliated against in violation of public policy for reporting illegal and/or improper conduct in violation of laws or regulations intended to protect banking clients and/or borrowers.

18.     Plaintiff expressed her objections to this illegal and discriminatory treatment; however, she continued to be subjected to discriminatory treatment in the form of a continued hostile environment, diminished duties and responsibilities, a false performance review, a forced exit from the premises, and her forced termination without any legitimate reason and in violation of Defendant's policies and procedures.

19.     On information and belief, Plaintiff was replaced with a less-qualified, substantially younger, non-disabled, and/or male employee.

20.     Plaintiff's treatment is representative of the type of discriminatory and retaliatory treatment that Defendant engages in against older, female, and/or disabled employees in favor of younger, male and/or non-disabled, less qualified employees.

21.     Defendant engages in a broad-based pattern of discrimination and retaliation in the terms and conditions of employment including in the form of a hostile work environment and adverse employment decisions with respect to hiring, promotions, demotions, raises, compensation, discipline and firing against employees in protected classes who are similarly situated to Plaintiff.

22.     After Plaintiff's direct supervisor engaged in hostile, intimidating and physically threatening behavior, told Plaintiff her employment was over and forced her to leave the premises on or about May 2, 2019, Plaintiff contacted Defendant and further reported her concerns about discrimination and retaliation and stated that she planned to file an EEOC charge.

23.     Plaintiff was thereafter contacted by Defendant's HR representatives who falsely claimed her supervisor had only placed her on administrative leave but claimed she had not been fired.

24.     Defendant then proceeded to try to cover up the illegal actions of Plaintiff's supervisor by conducting a sham investigation.

25.     Several months later, Defendant's HR representatives asked Plaintiff if she would be willing to return to employment.  Plaintiff explained that she had serious fears and health concerns about the hostile and threatening behavior of her supervisor and she had been receiving medical treatment from her health care provider for the anxiety and stress he had caused her.

26.     Plaintiff advised Defendant that she would be willing to consider returning to employment if she was permitted to work primarily from her home office, consistent with the prior approval she had to work in that fashion, and if she were re-assigned so that she did not have to report to her harassing supervisor and was not forced to be alone with him.

27.     Plaintiff's health care provider also provided a letter to Defendant requesting these accommodations for her anxiety.

28.     However, Defendant did not engage in any good faith discussion with Plaintiff about her reasonable requests for accommodations and instead issued an ultimatum stating she had to return to employment as of August 26, 2019 or else Defendant would refuse to rehire her and/or terminate her employment.

29.     Although Plaintiff asked Defendant to reconsider and to engage in a good faith discussion with her about her requests for accommodation, Defendant refused to do so and sent her an email dated August 27, 2019 stating they were terminating her employment.

30.     Prior to and including her wrongful termination, Plaintiff experienced a pattern and practice of disparate treatment in the terms and conditions of her employment based on sex, age, and/or disability discrimination, and/or retaliation by Defendant and its managers and employees including but not limited to unfounded discipline, denial of employment opportunities, and her wrongful termination (actual and/or constructive), without any legitimate reason and in violation of the law.

31.     These adverse actions were also motivated in whole or in part due to Plaintiff's reports to her supervisor of violations of laws or regulations intended to protect banking clients and/or borrowers, and/or due to her participation in an investigation of alleged complaints of a hostile environment or other reports of discriminatory and retaliatory conduct against Plaintiff.

32.     These adverse actions were taken without any legitimate reason and in violation of the law, and less-qualified, substantially younger, male, non-disabled, and/or employees who had not requested accommodations, and/or those who had not complained about or reported discrimination or violations of public policy were treated more favorably.

33.     The true reasons for the discriminatory and retaliatory employment actions of Defendant against Plaintiff, including but not limited to those adverse employment actions set forth above, were illegal sex, age, and/or disability discrimination, and/or retaliation for requesting accommodations for her disabling conditions, and/or for reporting concerns about illegal discrimination and retaliation, and/or for reporting violations of public policy and other fiduciary duty or public policy violations.

34.    On May 13, 2019, Plaintiff filed a timely charge alleging age and sex discrimination, retaliation, and violations of law and public policy against Defendant with the Equal Employment Opportunity Commission ("EEOC") (copy attached as **Exhibit A**).

35.    On September 5, 2019, Plaintiff filed a timely amended charge alleging age, sex, and disability discrimination, retaliation, and violations of law and public policy against Defendant with the Equal Employment Opportunity Commission ("EEOC") (copy attached as **Exhibit B).**

36.    On or about November 29, 2019, the EEOC mailed a Notice of Right to Sue to Plaintiff (copy attached as **Exhibit C**).

37.    This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

38.    Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – SEX DISCRIMINATION (TITLE VII)

39.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 above.

40.    Plaintiff's sex was a motivating factor in Defendant's intentional decisions to subject her to disparate treatment in the terms and conditions of her employment in the form of a discriminatory, hostile work environment, a false performance review, denial of a pay increase, a forced exit from the premises, a suspension or forced leave of absence, and her forced, involuntary termination (actual and/or constructive) due to her sex, age, disability and/or retaliation by Defendant and its officers and managers, including but not limited to Plaintiff's direct supervisor.

41.     Defendant manifested its illegal sex bias through sex-based comments and actions including but not limited to diminished job duties, denial of pay increases, false performance criticisms, a forced exit from the premises and refusal to accommodate Plaintiff's disabling conditions created by the hostile work environment and other adverse actions impacting the terms and conditions of Plaintiff's employment including the termination of Plaintiff for false alleged reasons, while similarly situated male employees were treated more favorably and not subjected to the same type of discipline, performance standards, termination and other illegal treatment.

42.     Pleading in the alternative, Defendant's discriminatory and retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

43.     Defendant has a pattern and practice of sex discrimination including as set forth previously herein.

44.     The discriminatory actions of Defendant detrimentally affected Plaintiff in the terms and conditions of her employment with Defendant.

45.     Plaintiff complained about these discriminatory actions to Defendant's management and human resources employees and demanded that the discrimination cease.

46.     Defendant knew, or should have known, of the sex discrimination against its employees, including Plaintiff.

47.     Defendant failed to take prompt and appropriate corrective action to end the sex discrimination against its employees, including Plaintiff.

48.     Defendant failed to make good faith efforts to enforce its policies to prevent sex discrimination against its employees, including Plaintiff.

49.     Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII, and is sufficiently culpable to warrant an award of punitive damages.

50.     As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (TITLE VII)

51.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 50 above.

52.     Plaintiff had a good faith, reasonable belief that she was being subjected to unlawful employment practices including disparate treatment by Defendant on the basis of sex in the terms and conditions of her employment compared with similarly situated, substantially younger and/or male employees, and she reported the same to Defendant.

53.     Defendant retaliated against Plaintiff because of her opposition to unlawful employment practices and/or her participation in protected EEO investigation activities by subjecting her to unfounded discipline, a discriminatory, hostile work environment, a false performance review, a forced exit from the premises, a suspension or forced leave of absence, and Plaintiff's forced, involuntary termination for false, pre-textual reasons.

54.     Plaintiff's opposition to unlawful employment practices and/or her participation in protected activities was a motivating factor in Defendant's decision to subject her to adverse employment actions including the adverse actions described herein, including the termination of her employment and other prior and subsequent adverse job actions as set forth herein.

55.     Pleading in the alternative, Defendant's discriminatory and retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

56.     Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under Title VII, and is sufficient therefore to warrant an award of punitive damages.

57.     As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for emotional pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT III – AGE DISCRIMINATION (ADEA)

58.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 57 above.

59.     Plaintiff's age was a determining factor in Defendant's intentional decisions to discriminate against her in the terms and conditions of her employment as set forth above, including but not limited to a discriminatory, hostile work environment, a false performance review, denial of a pay increase, a forced exit from the premises, a suspension or forced leave of absence, and her forced, involuntary termination due to her age and/or retaliation by Defendant and its officers and managers, including but not limited to Plaintiff's direct supervisor and replacing Plaintiff with younger, non-disabled, and/or male, less-qualified employees.

60.     Defendant manifested its illegal age bias through age biased comments and actions as set forth above and herein, including but not limited to diminished job duties, denial of pay increases, false performance criticisms, and other adverse actions impacting the terms and conditions of her employment including her termination for false alleged reasons, while similarly situated, substantially younger employees were treated more favorably and not subjected to the same type of hostile and discriminatory comments and actions, false performance criticisms, and termination.

61.     Pleading in the alternative, Defendant's discriminatory and retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have

been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

62.     Defendant knew, or should have known, of the age discrimination against its employees, including Plaintiff.

63.     Defendant failed to take prompt and appropriate corrective action to end the age discrimination against its employees, including Plaintiff.

64.     Defendant failed to make good faith efforts to enforce its policies to prevent age discrimination against its employees, including Plaintiff.

65.     Defendant's conduct was knowing, willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

66.     As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT IV – RETALIATION (ADEA)

67.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 66 above.

68.     Plaintiff had a good faith, reasonable belief that she was being subjected to unlawful employment practices including disparate treatment by Defendant on the basis of her age in the terms and conditions of her employment compared with similarly situated, substantially younger employees, and she reported the same to Defendant.

69.     Defendant retaliated against Plaintiff because of her opposition to unlawful discriminatory employment practices including by subjecting her to a discriminatory, hostile work environment, a false performance review, denial of a pay increase, a forced exit from the premises, a suspension or forced leave of absence, and her forced, involuntary termination (actual and/or constructive) due to her age for false, pre-textual reasons and other prior and subsequent adverse actions as set forth above herein.

70.     Plaintiff's opposition to unlawful discriminatory employment practices was a determining factor in Defendant's decision to subject her to adverse employment actions including those actions set forth above and herein and including the termination of her employment.

71.     Pleading in the alternative, Defendant's discriminatory and retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

72.     Defendant's conduct was knowing, willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant

an award of liquidated damages.

73. As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT V – DISABILITY DISCRIMINATION (ADAAA)

74. Plaintiff incorporates by reference the allegations of paragraphs 1 through 73 above.

75. Defendant intentionally discriminated against Plaintiff because of her disability, her record of a disability, or because they regarded her as disabled in the terms and conditions of her employment, including, but not limited to, by refusing to provide reasonable accommodations for her disability, by subjecting her to adverse job actions as set forth above herein, including false performance criticisms, a discriminatory, hostile work environment, a false performance review, denial of a pay increase, a forced exit from the premises, a suspension or forced leave of absence, and her forced, involuntary termination (actual or constructive) for false, pre-textual reasons.

76.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of that term as utilized in the ADAAA, either as an individual with a physical or mental impairment related to her diagnosis of anxiety and stress disorder and related conditions, who can perform all of the essential functions of her job with or without accommodations, or because she has a record of such an impairment, or because Defendant regarded her as having such an impairment.

77.     The Defendant discriminated against Plaintiff on the basis of her disability by (a) not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability; (b) denying employment opportunities to and thereafter terminating or refusing to rehire an employee who is an otherwise qualified individual with a disability; (c) subjecting a qualified individual with a disability to different terms, conditions and privileges of employment than the terms, conditions and privileges available to non-disabled employees; and (d) refusing to accommodate and otherwise interfering with an individual in her exercise of rights under federal law prohibiting discrimination on the basis of a qualified disability, thereby violating the ADAAA.

78.     Pleading in the alternative, Defendant's discriminatory and retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

79.     Defendant's illegal treatment of Plaintiff was motivated by her protected disability status related to her anxiety and stress disorder and related impairments.

80.    Plaintiff was able to perform the essential functions of her position with Defendant throughout her employment and at the time of her termination, either with or without reasonable accommodations.

81.    Defendant's beliefs regarding Plaintiff's anxiety and stress disorder and related treatments were a motivating factor in Defendant's adverse treatment of Plaintiff as set forth above and herein, including Defendant's decision to terminate her employment.

82.    Defendant was aware of Plaintiff's medical impairments and her need and requests for accommodations.

83.    Defendant failed to engage in the interactive process and failed to discuss or provide any reasonable accommodations to address Plaintiff's medical impairments, assuming such impairments qualify as disabilities under the ADAAA.

84.    As a direct and proximate result of the continuing pattern and practice of discrimination directed toward her or disparate treatment of her and of the Defendant's termination of her, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to her reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

85.    The Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish the Defendant and to deter the Defendant from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count

V, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT VI – ADAAA RETALIATION

86.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 85 above.

87.     Plaintiff had a good faith, reasonable belief that Defendant was engaging in unlawful employment practices that are prohibited under the ADAAA, including disparate treatment by Defendant in the terms and conditions of her employment compared with similarly situated, non-disabled employees, and she reported her opposition to these unlawful practices to the Defendant and requested accommodations for her qualifying disabling conditions as set forth herein.

88.     Defendant retaliated against Plaintiff in the terms and conditions of her employment because of her opposition to unlawful employment practices and/or because of her protected actions in requesting reasonable accommodations for a qualified disability, including but not limited to, by refusing to provide other reasonable accommodations, by subjecting her to disability biased comments and actions, by subjecting her to adverse job actions including diminished job duties,  denial of pay increases, false performance criticisms, suspension and/or a forced leave of absence, and other adverse actions impacting the terms and conditions of her employment including and by their termination (actual or constructive) of Plaintiff for false, pre-

textual reasons.

89.     Pleading in the alternative, Defendant's discriminatory and retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

90.     Plaintiff's opposition to the Defendant's unlawful employment practices, and/or her requests for accommodation, were motivating factors in the Defendant's decision to retaliate against her in the terms and conditions of her employment.

91.     As a direct and proximate result of the Defendant's continuing pattern and practice of illegal retaliation directed toward her or disparate treatment of her and of the Defendant's termination of her, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to her reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

92.     Defendant failed to make good faith efforts to enforce its policies to prevent discrimination and retaliation against its employees, including Plaintiff.

93.     Defendant's retaliatory conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADAAA, thus justifying an award of punitive damages in an amount sufficient to punish the Defendant and to deter it from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant on Count VI and requests an award of her actual damages, including but not limited to her lost

wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT VII –KANSAS PUBLIC POLICY (WHISTLE-BLOWING)

94.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 93 above.

95.     During the course of her employment with Defendant, Plaintiff learned that Defendant was engaged in serious violations of or planned to violate laws and regulations intended to protect banking clients and/or borrowers and related activities that violated Kansas law and/or public policy.

96.     For example, Plaintiff warned and reported to Defendant about two weeks before she was terminated and forced to leave the premises that Defendant's plan to change interest rates without notifying borrowers could violate customer loan servicing agreements and be unfair to borrowers or unethical as well as violate Sarbanes Oxley or other cash handling, banking or financial regulations.

97.     Defendant was aware of Plaintiff's participation and/or reports of violations of banking or financial regulations protecting bank clients and/or borrowers and related regulations and wrongfully terminated her employment for false, pretextual reasons.

98.     Defendant retaliated against Plaintiff in the terms and conditions of her employment because of her participation in and/or reports of violations of laws and regulations intended to protect banking clients and/or borrowers including but not limited to, by subjecting

her to adverse employment actions as set forth herein including by subjecting her to adverse job actions including diminished job duties, denial of pay increases, false performance criticisms, suspension and/or a forced leave of absence, and other adverse actions impacting the terms and conditions of her employment including and by the termination (actual or constructive) of Plaintiff for false, pre-textual reasons.

99.     Plaintiff's report, opposition to, and refusal to participate in Defendant's unlawful practices was a motivating or determining factor in Defendant's decision to retaliate against her in the terms and conditions of her employment.

100.    Pleading in the alternative, Defendant's retaliatory treatment of Plaintiff was such that no reasonable person would have remained employed or would have been willing to accept reinstatement or reemployment under the terms and conditions that Defendant demanded.

101.    As a direct and proximate result of Defendant's illegal retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, loss of self-esteem, humiliation, and other nonpecuniary losses.

102.    Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter Defendant from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant on Count VII, and requests an award of her actual damages, including but not limited to her lost wages and benefits and other monetary damages, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm

to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in Counts I - VII.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By  /s/ Eric W. Smith
    Rik N. Siro          KS FED #77812
    Eric W. Smith       KS #16539
    Athena M. Dickson   KS #21533
    Raymond A. Dake    KS FED #78448
    Ryan P. McEnaney   KS FED #78827
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    rsiro@sirosmithdickson.com (email)
    esmith@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**